UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CARL ASKEW,<br>   Plaintiff,<br><br>vs.<br><br>KYLE BAINTER, et al.,<br>   Defendants. | )<br>)<br>)<br>)     Case No. 23-1153<br>)<br>)<br>) |

## MERIT REVIEW ORDER

This cause is before the Court for a merit review of Plaintiff's complaint. (Doc. 1). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A.

Plaintiff alleges Correctional Officers Kyle Bainter, Silva, and Adams, Sergeant N. Smith, T. Bordner, and T. Clark violated his constitutional rights while he was incarcerated at Illinois River Correctional Center.

Plaintiff states he was housed in segregation unit 5, house cell 30 on April 11, 2022. When Defendant Bainter approached his cell, Plaintiff asked him to notify Defendant Smith that he needed to speak with him. Plaintiff alleges Defendant Bainter refused and, without any warning, violently slammed Plaintiff's right hand in the steel chuckhole several times. Plaintiff alleges he suffered a broken finger, and his hand was red and

1

swollen. Plaintiff states surveillance cameras located in the segregation unit captured the incident between 11:00 a.m. – 12:30 p.m.

To state an excessive force claim, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). This is so, as prison officials considering the use of force must balance the threat presented to inmates and prison officials against the possible harm to the inmate against whom the force is to be used. *Id.* at 320. "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 Fed.Appx. 982, 983-84 (7th Cir. 2017). Based on his allegations, the Court finds Plaintiff has articulated an Eighth Amendment excessive force claim against Defendant Bainter for allegedly slamming the chuckhole door on Plaintiff's right hand several times on April 11, 2022. Plaintiff also alleges Defendant Bainter committed the state law torts of assault and battery.

Plaintiff next alleges that when Defendant Bainter began walking away, Plaintiff yelled to him to provide medical assistance for his injuries, but Defendant continued walking and said, "I'm not getting you shit, fuck your hand." (Doc. 1 at 12). The Seventh Circuit has indicated that prison officials who assault prisoners should provide them with immediate medical care:

2

> When guards use excessive force on prisoners, the requirements for proving deliberate indifference to the medical needs of the beaten prisoners ought to be relaxed somewhat. Beating a person in violation of the Constitution should impose on the assailant a duty of prompt attention to any medical need to which the beating might give rise . . . .

*Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996). The Court finds Plaintiff has alleged an Eighth Amendment deliberate indifference claim against Defendant Bainter for refusing to get medical assistance for Plaintiff's injured hand on April 11, 2022.

Plaintiff also alleges Defendant Silva, who was present during the alleged incident, failed to intervene and did not get Plaintiff medical attention after witnessing the assault. A failure to intervene claim requires evidence of the following: (1) the defendant knew of the unconstitutional conduct; (2) the defendant had a realistic opportunity to prevent the harm; (3) the defendant failed to take reasonable steps to prevent the harm; and (4) the plaintiff suffered harm as a result. *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). The Court finds Plaintiff has articulated a failure to intervene claim against Defendant Silva, who was present but did not attempt to stop Defendant Bainter from smashing Plaintiff's hand in the chuckhole multiple times.

However, Plaintiff has failed to articulate a deliberate indifference claim against Defendant Silva. It is unclear from Plaintiff's complaint if Defendant Silva was aware of his injuries or if Plaintiff asked Defendant Silva for medical attention, and he refused. (See Doc. 1 at 21, ¶ 64).

Plaintiff next alleges Defendant Adams from Internal Affairs was notified about the incident. Plaintiff contends that his rights were violated when Defendant Adams

3

failed to immediately investigate the altercation on April 11, 2022. Plaintiff does not allege Defendant Adams was involved in the use of excessive force. Plaintiff's allegations are insufficient to state a claim under § 1983 because Plaintiff does not have a constitutional right to a thorough investigation. *Haywood v. Marathon Cnty. Sheriff Dep't*, 2007 WL 5633391, at *3 (W.D. Wis. Aug. 3, 2007); *Wiley v. Miracle*, 2021 WL 6091274, at *2 (S.D. Ill. Dec. 23, 2021) ("there is no due process right to an investigation"). Thus, Defendant Adams is DISMISSED for failure to state a claim.

Several hours after the incident, Nurse K. Buccolan entered the segregation wing. Plaintiff requested medical attention. She allegedly told him his hand and/or fingers could be broken, provided Ibuprofen, and scheduled an x-ray.

On April 14, 2022, a doctor examined Plaintiff's hand. Plaintiff was does indicate what additional medical care was provided. Plaintiff states his hand remained swollen, red, and painful for a month, his mobility was limited, and he was unable to engage in any activities.

Plaintiff states he sent Defendants Clark and Bordner a letter informing them about the April 11, 2022 incident, but they did not respond. Plaintiff claims Defendants Clark and Bordner were required to investigate the situation based upon their role as wardens. An individual is liable under § 1983, however, only if he or she personally participated in the alleged deprivation. *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003); *Glasco v. Prulhiere*, 2009 WL 54298, at *1 (S.D. Ind. Jan. 8, 2009) ("[e]ven if [ plaintiff] wrote letters to these defendants, this fact alone is insufficient to support recovery from supervisory defendants."); *Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov.

30,1994) (holding that a plaintiff could not establish personal involvement, and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). Defendants cannot be held liable merely because of their supervisory position, as the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under § 1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, Defendants Bordner and Clark are DISMISSED for failure to state a claim.

Plaintiff also files a Motion to Request Counsel. (Doc. 5). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). However, the district court has the discretion to recruit a volunteer to represent a plaintiff who cannot otherwise afford counsel. *Navejar v. Igiola*, 718 F.3d 692, 696 (7th Cir. 2013). Evaluating whether to recruit counsel involves a two-step process. First, the Court must determine if the plaintiff made a reasonable attempt to secure counsel on his own, or conversely, if he has been precluded from doing so. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). "This is a mandatory, threshold inquiry that must be determined before moving to the second inquiry of whether Plaintiff is competent to litigate his claims." *Eagan v. Dempsey*, 2021 WL 456002, at *8 (7th Cir. 2021) (citing *Davis v. Moroney*, 857 F.3d 748, 753 (7th Cir. 2017)). Plaintiff does not indicate how many attorneys he contacted. He attaches only one letter from an attorney who declined representation. The Court is unable to determine if Plaintiff make a reasonable effort to find an attorney. His motion is therefore DENIED. If Plaintiff renews his motion, he must provide a list of attorneys he contacted or copies of letters sent or received in his effort to find counsel.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff alleges the following claims: (1) Defendant Bainter used excessive force in violation of the Eighth Amendment when he slammed Plaintiff's right hand in the chuckhole multiple times on April 11, 2022; (2) Defendant Bainter committed the state law torts of assault and battery on April 11, 2022; (3) Defendant Bainter was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment when he refused to provide medical attention for Plaintiff's injuries on April 11, 2022; and (4) Defendant Silva failed to intervene to stop the use the excessive force on April 11, 2022. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendants Adams, Clark, and Bordner are DISMISSED for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Clerk is directed to TERMINATE Defendants Adams, Clark, and Bordner.

3) Plaintiff's Motion to Request Counsel [5] is DENIED.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.

Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

12) Plaintiff shall be provided a copy of all pertinent medical records upon request.

13) The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

14) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 5/30/23

                                                s/James E. Shadid
                                  _____
                                                  JAMES E. SHADID
                               UNITED STATES DISTRICT JUDGE